Dean W. SMITH, Plaintiff,

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES,**
Defendant.

Civ. A. No. 6:91–0993.

United States District Court,
S.D. West Virginia,
Parkersburg Division.

July 22, 1992.

Roger D. Forman, Forman, Kanner & Crane, Charleston, W.Va., for plaintiff.

Beverly Dennis, III, Chief Counsel, Region III, Office of Regional Director, Philadelphia, Pa., Steven M. Horn, Asst. U.S. Atty., Charleston, W.Va., for defendant.

## CORRECTED MEMORANDUM OPINION

HADEN, Chief Judge.

Pending is the Plaintiff's motion to remand and the Defendant's motion for summary judgment, pursuant to Rule 56(c) of the Federal Rules of Civil Procedure. Previously this action was referred to the Honorable Jerry D. Hogg, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B) for submission to this Court of his proposed findings of fact and recommendation for disposition.

Magistrate Judge Hogg recommended that the Plaintiff's motion for remand be denied; that the Defendant's motion for summary judgment be granted, and that the Secretary's final decision be affirmed. The Plaintiff made timely objections to the Report–Recommendation of the Magistrate Judge and the Defendant filed a response. This matter is now ripe for the Court's *de novo* consideration of the portions to which objections were made.

The Plaintiff, Dean W. Smith, filed an application for a period of disability and disability insurance benefits on August 23, 1989, alleging disability since January 1, 1980, due to diabetes, headaches, back, breathing and right leg problems. On June 1, 1990, an administrative law judge determined that the Plaintiff was not under a disability as defined in the Social Security Act at any time during the claimant's insured status period. On May 26, 1991, this decision became final when the appeals council refused the Plaintiff's request for review.

The issue before this Court is whether the final decision of the Secretary denying the Plaintiff's claim is supported by substantial evidence. Initially, the Plaintiff claims that his treating physician's opinion was not afforded proper weight. Specifically, he notes a letter from Dr. Danny R. Westmoreland dated April 26, 1991, in which Dr. Westmoreland opined that, upon review of records dating to December 7, 1964, the Plaintiff was disabled since that date. This opinion, although rendered well after the administrative law judge's review, will nevertheless be considered by the Court.

Plaintiff relies upon *Wooldridge v. Bowen,* 816 F.2d 157 (4th Cir.1987) for the proposition that a physician's opinion based upon review of evidence and finding an earlier onset of disability is acceptable as relevant evidence on the issue. In *Wooldridge* the physician who reviewed the claimant's medical records was on the staff of a clinic where claimant had been treated for many years and in essence, he was claimant's treating physician. Contrary to the facts in *Wooldridge,* Dr. Westmoreland did not examine or treat Plaintiff prior to April, 1991. Accordingly, Dr. Westmoreland cannot be classified as Plaintiff's treating physician. He is no more and no less than a medical expert retained for this litigation. Further, the record, including Plaintiff's testimony, indicates that Plaintiff maintained substantial gainful employment at least until 1980. Consequently, Dr. Westmoreland's opinion that Plaintiff has been disabled since 1964 is rejected because it finds no support in the empirical evidence reviewed by the Secretary.

The record also includes a letter from Joseph P. Zawadsky, M.D., Plaintiff's actual treating physician from the time of his injury in 1964 until 1985. Dated May 23, 1991, the letter post-dates the administrative law judge's review and notes the nature of Plaintiff's injury to his right knee and the treatment he received. Dr. Zawadsky opined the condition was permanent and represented a severe disability as a result. The administrative law judge also found that the Plaintiff has a severe im-

pairment due to the fusion of the right knee. Accordingly, the letter from Plaintiff's treating physician did not offer any new material evidence to the record.

In addition to the medical evidence the record also contains a transcript of Julie Morrissey, a vocational expert. Morrissey testified that Plaintiff's past work as a bar and liquor store operator involved light to heavy work; his employment as an operator of rental property was medium to heavy work; and his operation of a farm involved heavy to very heavy work. The vocational expert opined that an individual of the Plaintiff's age, education, and experience suffering exertional impairments which limited him to sedentary work could not perform his past relevant work. Ms. Morrissey concluded, however, such an individual could perform a number of jobs which exist in the national economy.

A review of the record establishes that the Secretary's final decision is supported by substantial evidence. To establish the existence of substantial evidence to support the Secretary's final decision, it is immaterial how many medical witnesses disagree with the Secretary's conclusion so long as at least one witness gave sufficient probative evidence to support the Secretary's conclusion. See *Millner v. Schweiker*, 725 F.2d 243 (4th Cir.1984). Thus, while it is clear that the Plaintiff can no longer perform his past relevant work, the opinions expressed by the Secretary's reviewing staff provided substantial evidence for the final decision denying the Plaintiff's application for benefits. Further, while Plaintiff submitted evidence from Dr. Westmoreland stating that Plaintiff was disabled during the period in question, the opinion cannot be considered that of a treating physician and it was directly contradicted by Mr. Smith's work history.

Likewise, substantial evidence supports the Secretary's final decision that the administrative law judge fully apprised the Plaintiff of his right to counsel. When a claimant appears without the assistance of counsel, an administrative law judge must assume a more active role and adhere to a heightened duty of care and responsibility, *Crider v. Harris*, 624 F.2d 15, 16 (4th Cir.1980), but the Secretary has no duty to insist that a claimant have counsel. *Marsh v. Harris*, 632 F.2d 296, 300 (4th Cir.1980). In the case at bar, after Plaintiff stated he wished to proceed without counsel, the administrative law judge carefully explained what Plaintiff had to show to prove that he was "disabled." The judge arranged for the testimony of a vocational expert and then conducted a hearing during which he inquired into Plaintiff's history and complaints. The Secretary also gave Plaintiff opportunity to cross examine the vocational expert and thus, the Secretary took the appropriate action to ensure a fully developed record and a full and fair hearing in Plaintiff's case. Accordingly, the Court concludes no procedural defects affect the validity of the Secretary's final decision.

After *de novo* review, the Court accepts the findings and recommendation of the Magistrate Judge and ORDERS that the Plaintiff's motion for remand be denied, that the Defendant's motion for summary judgment be granted and that the Secretary's final decision be affirmed.

The Court VACATES the previous opinion entered July 7, 1992, which was mistakenly designated as an "Order" and replaces it with this Corrected Memorandum Opinion. The previously entered separate Judgment Order of July 7, 1992, is unaffected by this opinion and the judgment entered then is to remain in full force and effect.